

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 11, 1977

The Honorable Herman Adams
Chairman
House Committee on Elections
Texas House of Representatives
Austin, Texas 78701

Opinion No. H- 954

Re: Applicability of
Penal Code § 36.10(5) and
(6) to funds derived from
appreciation functions.

Dear Chairman Adams:

You have requested our opinion regarding the application
of section 36.10(5) and (6) of the Penal Code to contributions
derived from functions held in honor or appreciation of
members and employees of the Legislature. Section 36.10
provides in pertinent part:

> Sections 36.07 (Compensation for Past
> Official Behavior), 36.08 (Gift to Public
> Servant), and 36.09 (Offering Gift to Public
> Servant) of this code do not apply to:
>
> . . . .
>
> (5) a benefit to a public servant required
> to file a financial statement under . . .
> (Article 6252-9b, Vernon's Texas Civil
> Statutes), that is derived from a function
> in honor or appreciation of the recipient if:
>
>> (A) the benefit and the source of any
>> benefit in excess of $20 is reported in
>> the financial statement; and
>>
>> (B) the benefit is used solely to
>> defray the expenses that accrue in the
>> performance of duties or activities in
>> connection with the office which are non-
>> reimbursable by the state or political
>> subdivision.
>
> (6) Subsection (5) . . . does not apply to

> . . . [members and employees of the Legislature]
> 30 days prior to or during a regular session of
> the Texas Legislature.

Thus, subsections (5) and (6) of section 36.10 exempt public
servants from liability under sections 36.07 and 36.08 for
certain benefits received which are used solely to defray
nonreimbursable expenses of office.  (The exemption also
extends to section 36.09, which applies to persons who
confer benefits on public servants who are prohibited from
accepting such benefits.)  Sections 36.07 and 36.08 provide
that a public servant commits an offense if he "solicits,
accepts, or agrees to accept any pecuniary benefit" under
certain circumstances.  Penal Code §§ 36.07(b) and 36.08(a).

"Pecuniary benefit" is defined by section 36.01(5) of
the Penal Code as:

> money, property, commercial interests, or
> other similar benefit the primary signifi-
> cance of which is economic gain; but does
> not include contributions made and reported
> in accordance with law.  (Emphasis added).

A public servant cannot, therefore, commit an offense under
sections 36.07 or 36.08 by soliciting or accepting a contribu-
tion reported in accordance with law.  Contributions which
must be reported include anything of value given to a
candidate or political committee for use in an election, or
given to an office holder for the purpose of assisting the
office holder in the performance of duties or activities in
connection with the office by defraying nonreimbursable
expenses.  Election Code art. 14.01(D).  It appears, therefore,
that the funds about which you are concerned may be contribu-
tions which must be reported in accordance with article
14.07 of the Election Code.  If properly reported, such
contributions do not constitute a "pecuniary benefit" for
which liability may attach under sections 36.07 and 36.08 of
the Penal Code.

## S U M M A R Y

Contributions for election expenses or
nonreimbursable office expenses do not

constitute "pecuniary benefits" if
legally reported as contributions under
the Election Code.  Such contributions are
not therefore within the scope of sections
36.07 and 36.08 of the Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb